# STATE OF VERMONT

SUPERIOR COURT                                                    ENVIRONMENTAL DIVISION
                                                                      Docket Nos. 50-6-16 Vtec
                                                                      169-12-16 Vtec

| Diverging Diamond Interchange SW Permit |
| Diverging Diamond Interchange Act 250 Permit |

## ENTRY REGARDING MOTION

ANR Storm Water Permit (50-6-16 Vtec)
Act 250 Land Use Permit (169-12-16 Vtec)

Title:          Motion in Limine
Filer:          Agency of Transportation
Attorney:       Justin E. Kolber
Filed Date:     February 16, 2018

No response filed

**The motion is DENIED.**

The Vermont Agency of Transportation's (VTrans) motion in limine seeks to preclude R.L. Vallee, Inc (Vallee) from introducing expert testimony regarding an alternative stormwater system.   Vallee opposes the motion.

### I.        Background

VTrans proposes to manage stormwater discharge for the underlying project in part by applying the Agency of Natural Resources (ANR) Site Balancing Procedure for the Discharge of Stormwater Runoff from the Expansion or Redevelopment of Impervious Surfaces (the Site Balancing Procedure).   According to the Site Balancing Procedure,

> The concept of "site balancing" may be utilized in treating runoff from limited portions of expanded and redeveloped impervious surfaces when it is demonstrated that control and/or treatment of this runoff is impracticable due to site constraints.

Site Balancing Procedure at 2.

Vallee challenges the use of site balancing in Stormwater Appeal (50-6-16 Vtec) Question 2, which asks whether the project meets the requirements of the Site Balancing Procedure, and Question 3, which asks whether it is practicable for VTrans to meet the required treatment standards in the Vermont Stormwater Management Manual without relying on the Site Balancing Procedure.

Vallee intends to offer an expert witness, Andres Torizzo, to testify that direct treatment, without resort to the Site Balancing Procedure, is practicable.  Mr. Torizzo will also present evidence of an alternative stormwater system for the project that does not rely on the Site Balancing Procedure.

**II.     Discussion**

In order to be admissible, expert testimony must be both relevant and reliable.  State v. Scott, 2013 VT 103, ¶ 9, 195 Vt. 330 (citations omitted).  VTrans argues that Vallee's proposed expert testimony is neither relevant nor reliable.

We recently explained, in another decision in these matters, that because we conduct bench trials, we are generally liberal in allowing relevant evidence to be admitted.  Diverging Diamond Interchange A250 and SW Permits, Nos. 169-12-16, 50-6-16 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Feb. 8, 2018) (Walsh, J.) (citing The Van Sicklen Ltd. P'ship, No. 4C1013R-EB, slip op. at 1 (Vt. Env. Bd. Sep. 28, 2001)).  Unlike a jury, we are unlikely to be "unduly swayed by a questionable evidentiary offering."  Id.  Once relevant evidence is admitted, we afford it the weight it deserves, if any.  Id.; In re Application of Lathrop Ltd. P'ship I, 2015 VT 49, ¶ 90, 199 Vt. 19.

### a.  Whether evidence of an alternative stormwater design is relevant

VTrans argues that alternative stormwater designs are not relevant to the permit applications here.  VTrans points to two cases to support this proposition: an Act 250 appeal, In re N. E. Materials Grp., LLC, 2017 VT 43, (May 26, 2017), and a stormwater permit appeal, Re: CCCH Stormwater Discharge Permits, Nos. WQ-02-11, WQ-03-05, -06, -07 (Wat. Res. Bd. Oct. 4, 2004).

While these cases are informative, they are not precisely on point.

In Northeast Materials, the Court held that as long as the proposed project complies with the Act 250 criterion in question, the trial court did not err by declining to impose "the alternative means of ensuring compliance with [the criterion] that neighbors' expert suggested."  2017 VT 43, ¶ 25.  The Court did not hold—as VTrans would have us do here—that the expert testimony on alternative compliance measures should be excluded altogether on relevancy grounds.  Id.

Likewise, in CCCH Stormwater, an opponent of a VTrans project offered witnesses who testified that "there are more effective [Best Management Practices] and other practices for achieving higher sediment removal ratings than those contained in the 2002 [Stormwater Management] Manual and proposed by VTrans."  Nos. WQ-02-11, WQ-03-05, -06, -07, at 31 (Oct. 4, 2004).  The Water Resources Board did not conclude that this was irrelevant or inadmissible.  Id.  Instead, the Board found this offer unpersuasive because it was made in isolation and failed to consider the project design as proposed.  Id.

In short, neither case concludes that expert testimony on alternative systems is irrelevant in Act 250 and stormwater permitting appeals.  Instead, Northeast Materials shows that the trial court does not have to adopt proposed alternatives, and CCCH Stormwater shows that proposed alternatives will have little persuasive value if they fail to account for the project design as proposed.

We therefore decline to read these cases as precedent that evidence of an alternative stormwater system is irrelevant per se.

Further, one of the issues before us is whether it is *impracticable* for the proposed project to meet treatment standards *without using* the Site Balancing Procedure.  In order to determine whether the project can meet standards without using site balancing, it is  relevant to the Court's

consideration of alternative permutations of the proposed project that demonstrate how stormwater treatment might function without site balancing.

For these reasons, we decline to conclude that evidence of an alternative system would be irrelevant.

### b. Whether the model used by Vallee's experts is reliable and relevant

VTrans next argues that the model used by Vallee's experts is irrelevant and unreliable.

"Reliable expert testimony is 'sufficiently rooted in scientific knowledge,' that is, grounded in scientific methods and procedures rather than mere 'subjective belief or unsupported speculation.'" State v. Scott, 2013 VT 103, ¶ 10, 195 Vt. 330 (quoting State v. Streich, 163 Vt. 331, 343 (1995)). Courts may apply four non-exclusive factors to assess reliability: "(1) whether the applicable theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) its known or potential error rate; and (4) whether it has been generally accepted by the scientific community." Id.

VTrans notes that Vallee attempted to introduce a WinSLAMM model produced by Mr. Torrizo in a separate case. In re Costco Stormwater Discharge Permit, 2016 VT 86, ¶ 35, 202 Vt. 564. In that case, "[b]ased on extensive testimony from a number of environmental analysts," we found "that the WinSLAMM computer model was not designed to 'accurately predict stormwater infiltration rates within a wetland' and that [Vallee] had not shown 'comparable use' of the model within Vermont or elsewhere." Id. We therefore excluded the testimony (and, later, a related exhibit). Id.

While trial courts can in some cases evaluate the reliability and relevance of expert evidence based on similar decisions in other cases, the responsibility for determining the admissibility of expert evidence remains with the trial judge. State v. Forty, 2009 VT 118, ¶ 38, 187 Vt. 79 (quoting State v. Kinney, 171 Vt. 239, 249 (2000)). Our exclusion of the WinSLAMM evidence in Costco was based on the evidence presented in that case and based on the unique facts of that case. We we are reluctant to extend that conclusion here.

VTrans further argues that the Vermont Stormwater Management Program does not recognize the WinSLAMM model as an acceptable modelling method. With a supporting affidavit by Mr. Torrizo, Vallee counters that ANR has accepted WinSLAMM modeling several times in the past. Citing a supporting affidavit by Dr. Robert Pitt, the main developer of the WinSLAMM model, Vallee argues that the model has been extensively used internationally, nationally, and in Vermont.

Finally, VTrans argues that the WinSLAMM model developed for this case is flawed because it excludes important data or is technically deficient in various ways.[1] Vallee challenges this critique and argues that the model is accurate and reliable, again drawing support from Mr. Torrizo's affidavit.

---

[1] VTrans argues that (1) the WinSLAMM model has no module for gravel wetlands, even though that is the main component of Vallee's expert's design; (2) the model fails to consider rainfall data for November–April, although the Vermont Stormwater Management Manual requires models to consider annual runoff, including snowmelt; (3) the model uses rainfall data from 2000–2005, although winter thaw and rainfall patterns have changed in more recent years; (4) the model makes several erroneous assumptions.

In light of Vallee's response and affidavits, which offer that the WinSLAMM model is reliable in general and as applied in this case, we will not exclude evidence related to the model at this point in the proceedings.

### III.     Conclusion

For the above reasons, VTrans' motion to exclude is **DENIED**.  We are generally inclined to allow Vallee to introduce testimony at trial related to its WinSLAMM model.  We will then give that evidence whatever weight it merits in rendering our decision.  Furthermore, this decision is not intended to preclude VTrans, or other parties, from challenging this evidence through cross examination and the testimony of other witnesses.

So ordered.

**Electronically signed on March 14, 2018 at 11:37 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Jon T. Anderson (ERN 1856), Attorney for Appellant R.L. Vallee, Inc.
Alexander J. LaRosa (ERN 5814), Attorney for party 2 Co-counsel
Justin E. Kolber (ERN 4303), Attorney for Appellee Agency of Transportation
David L. Grayck (ERN 4510), Attorney for Interested Person Timberlake Associates, LLP
Elena M. Mihaly (ERN 8101), Attorney for Intervenor Conservation Law Foundation
John K. Dunleavy (ERN 1949), Attorney for party 5 Co-counsel
Gregory J. Boulbol (ERN 1712), Attorney for For Informational Purposes Only Natural Resources Board
Mark G. Hall (ERN 2537), Attorney for Intervenor Costco Wholesale Corp.
Peter J. Gill (ERN 4158), Attorney for For Informational Purposes Only Natural Resources Board
Jenny Ronis (ERN 9185), Attorney for party 5 Co-counsel
Kane H. Smart (ERN 4770), Attorney for party 17 Co-counsel
Hannah W. Smith (ERN 6759), Attorney for Interested Person Agency of Natural Resources